John C. Gaut, Special Judge,
delivered the opinion of the Court.
*79 The indictment against the plaintiff in error is in the following words and figures, to-wit:
“State op Tennessee, \
“Robertson County, j “CIRCUIT Court,
“October Term, 1868.
“The Grand Jurors for the State aforesaid, upon their oath, present, that Ed. Nevills, (a man of color,) on the 13th day of August, 1868, in the county and State aforesaid, was guilty of an assault and battery upon the person of Josephine Wilks, she being a female, with the intent, forcibly and against her will, to have unlawful carnal knowledge of her, against the peace and dignity of the State.
“Jas. E. Rice, Att’y-gen’l.”
At the February Term, 1869, of the Circuit Court of said County of Robertson, the plaintiff in error moved the Court to quash said indictment, which was refused by the Court. At said term, of the court he was put upon his trial upon a plea of not guilty to said indictment. The jury returned a verdict of guilty, and fixed the term of imprisonment of the plaintiff in error, for the offense, in the penitentiary of this State, at five years. He thereupon moved the Court for a new trial, and in arrest of judgment; which motions were severally overruled by the Court; and thereupon the judgment of the Court was pronounced against him, upon the finding of the jury. He filed his bill of exceptions, which was signed by the Court, and made a part of the record in the cause; and appealed in error to this Court. As stated in the bill of exceptions, there were no exceptions to the charge of the Court, and his charge is not set out in the bill of exceptions.
*80 The indictment against the prisoner is founded upon section 4615 of the Code, which is in the following words:
“Any person guilty of committing an assault and battery upon any female with an intent, forcibly and against her will, to have unlawful carnal knowledge Of her, shall, on conviction, be imprisoned in the penitentiary not less than two nor more than ten years.”
The first question presented for our decision in this cause, is: Is the indictment sufficient to put the prisoner upon his trial for the felony created by the statute? If not, the Court below erred in refusing to quash it; and he further erred in refusing to arrest the judgment. It will be seen from an inspection of section 4615 of the Code, that it is the same as section 53 of the following Act of 3829, chapter 23. In other words, section 53 of the Act of 1829 is brought forward into the Code at section 4615, with only a slight modification in the verbiage of said section 53, without disturbing its sense and meaning.
At common law it was not a felony to commit an assault, or an assault and battery, upon a female, with the intent, forcibly and against her will, to have carnal knowledge of her. It was only a high misdemeanor. But by our Act of 1829, section 53, chapter 23, it is made a felony.
The indictment against the prisoner in this cause is pot sufficient. It does not charge him 'with the commission of the felony under the statute, but only with the commission of a simple assault and battery, with aggravating circumstances attending the Same. The indictment, under section 4615 of the Code, should chargé *81 that the prisoner feloniously did make an assault, or did feloniously commit an assault and battery upon the body of Josephine Wilks, with the intent forcibly and against her will to have unlawful carnal knowledge of her. Then the felony created by the statute would be charged in the indictment: Williams vs. The State, 8 Hum., 585.
When no actual carnal knowledge is had, but the assault and battery has been committed with the intent forcibly and against her will, it is the assault and battery that constitutes the' felony; and the indictment must charge that the prisoner feloniously assaulted her, with the intent, etc.
Ho felonious intent is imputed to the prisoner in the assault and battery charged in this indictment. It follows, therefore, that he has been tried and convicted for a felony not imputed to him in the indictment. The prisoner, under this indictment, might have been tried for an aggravated assault and battery. A high misdemeanor for an assault is proven, by evidence of indecent liberties taken with a female, if it be without her consent: 3 Greenleaf’s Evidence, section 59, page 58, note 2.
But, as the prisoner has been tried for, and found guilty of, a felony not charged against him in the indictment, and the Honorable Court pronounced the judgment upon the verdict of the jury, we are constrained to arrest the judgment, and remand the prisoner to be indicted anew, if the Attorney-general of the State should deem it his duty to charge the prisoner with the felony under the statute. As the cause has to be tried *82 again, we express no opinion upon the facts disclosed by the record.
The judgment will be arrested, and the prisoner remanded to Bobertson County.